IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN TAYLOR, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 17-cv-06374 |
| vs. | )<br>) |
| STATE COLLECTION SERVICE, INC., | )<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Kathleen Taylor, on behalf of herself and all others similarly situated, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (2012).

2. This Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made the calls that are the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District.

## STANDING

3. Defendant placed calls to Plaintiff's cell phone using an automated dialer without her consent.

4. Plaintiff has a congressionally defined right to be free of automated calls to her cell phone for which she has not given her express prior consent.

5. Plaintiff has thus suffered an injury as a result of Defendant's invasion of her privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff Kathleen Taylor is a natural person who resides in this District.

7. Defendant, State Collection Service, Inc. ("SCS"), is a Wisconsin corporation with its principal place of business at 2509 S Stoughton Road, Madison, WI 53716. It does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

8. Plaintiff has received multiple calls to her cellular telephone from Defendant. Most of these calls are believed to have happened in March through August 2017, although there very well may have been calls before and after that period.

9. Calls made to Plaintiff were unanswered but left pre-recorded voice messages directed to Plaintiff.

10. In response to Defendant's phone calls, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 19, 2017 sent a letter to SCS demanding that it cease communication with Plaintiff and direct all calls to Plaintiff's attorney.

11. SCS received Plaintiff's letter on July 19, 2017.

12. Yet SCS continued calling Plaintiff, and on August 22, 2017, left a pre-recorded voice message on Defendant's cellular telephone, without her permission.

13. During Defendant's calls, pre-recorded voice messages were left asking Plaintiff to press a number depending on her identity, which is the result of a dialer calling and no operator or representative of Defendant being immediately available to speak.

14. Therefore SCS used software which has the capacity to predictively dial in its telephone calls to Defendant.

15. SCS's business model is to knowingly use an auto-dialer to call cellular telephones it knows it does not have consent to call, and to hide behind an arbitration clause when challenged in court.

16. Many of the numbers SCS calls to collect a debt are obtained by "skip-tracing," an investigative method used to obtain consumer phone numbers from online databases and credit reports, rather than from consumers themselves.

17. As a result, many of these numbers are called without express consent of the consumer, who did not provide the number in the first place.

18. Many of the numbers SCS calls are obtained when consumers seek medical services, even though those consumers do not give their consent to be called by SCS' autodialer.

19. Upon information and belief, SCS already keeps records and data from which it can determine which autodialed calls it made without consent, but has elected not to engage such to prevent TCPA violations for business reasons.

20. Defendant knew about the TCPA before making the calls to plaintiff and the class, but made these autodialed calls to cellular phones in spite of such knowledge.

21. Defendant also knew that they did not have "prior express consent" to call phone numbers that had been obtained through skip trace or any means other than directly from the called party, or that any such consent had been revoked.

22. On information and belief, SCS has used an Aspect Software, Inc. brand autodialer for some of the calls.

23. On information and belief, SCS also used third party vendors to make calls, including Livevox and others.

24. Documents in SCS's possession will show that she never gave her consent to receive calls to her cellular telephone.

25. Those documents will also confirm that Plaintiff notified SCS to stop calling her cellular telephone.

26. SCS's records will show that it logged Plaintiff's withdrawal of any apparent consent in its computer.

27. The telephone calls were annoying to Plaintiff, invaded Plaintiff's privacy interests, and temporarily blocked use of her cellular telephone line for other potential callers.

28. The telephone calls were intentionally, willfully and knowingly initiated.

29. The telephone calls were not initiated by accident or mistake.

<strong><u>CLASS ACTION ALLEGATIONS</u></strong>

30. Plaintiff brings this action on behalf of a class consisting of:

All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, SCS called using the same or similar dialing system used to call Plaintiff, where such calling occurred without the person's permission.

31. Plaintiff additionally brings this action on behalf of a subclass consisting of:

All persons in the United States whose cellular telephone number, on or after four years prior to the filing of this action, SCS called using the same or similar dialing system used to call Plaintiff, where the person or their representative revoked any prior consents to be called.

32. Upon information and belief, in the four years prior to the filing of this action, there were more than 100 persons whose cell phone number SCS called without permission using the same equipment used to call Plaintiff.

33. Common questions of law or fact exist as to all members of the class, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the class include but are not limited to:

    a. Whether the calls to Plaintiff and the class were made using an "automatic telephone dialing system" as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

    b. Whether the calls to Plaintiff and the class were made using a prerecorded message as such term is defined or understood under the TCPA and applicable FCC regulations and orders;

    c. Whether SCS had prior express consent to the cell phone numbers of Plaintiff and the other members of the class; and

  d. Damages, including whether any violations were performed willfully or knowingly such that Plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

34. Plaintiff's claims are typical of the claims of the other members of the class. The factual and legal bases of SCS's liability to Plaintiff and the other members of the class are the same: SCS violated the TCPA by causing automated calls to be made to the cellular telephone number of each member of the class, without permission.

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and she has retained counsel competent and experienced in class and complex litigation.

36. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail. There are, on information and belief, thousands of class members, such that joinder of all members is impracticable.

37. No difficulties are likely to be encountered in the management of this action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

38. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they even

realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

39. The identity of the class is, on information and belief, readily identifiable from Defendant's records.

WHEREFORE, Plaintiff Kathleen Taylor, individually and on behalf of the class, respectfully requests that the Court enter judgment against Defendant for:

    A. Certification of the class and subclass as alleged herein;

    B. A declaration that SCS violated the TCPA as to Plaintiff and each class;

    C. Injunctive relief aimed at ensuring the prevention of SCS from violating the TCPA in the future, including:

        1. Requiring SCS to hire a Court-approved, independent auditing company to (a) investigate all allegations of TCPA violations, and (b) audit no less than 10% of SCS's outbound calls to ensure that SCS had consent and that the consumer had not previously asked that calls stop, and (c) report the results of the above investigations to the Court and Plaintiff's counsel on a quarterly basis.

    D. Damages pursuant to 47 U.S.C. § 227(b)(3)(B), for each and every nonconsensual call to each and every class member;

    E. Treble damages pursuant to 47 U.S.C. § 227(b)(3), as to each violation;

    F. Attorneys' fees and costs, as permitted by law; and

    G. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

By: s/Celetha C. Chatman<br>One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.